DISTRICT COURT.                        MARCH 29, 1860.

### RENDITION OF FUGITIVE.

## THE UNITED STATES *v.* MOSES HORNER.

Constitutionality of act of Congress of 18th September, 1850. Identification. Alteration in certified record.

CASE of Moses, sometimes called Moses Horner, claimed as a fugitive from labor by Charles T. Butler.

### CADWALADER, J.

The claimant produces the copy of a proceeding in a court of record in Virginia, upon his application made conformably to the provisions of the tenth section of the act of Congress of 18th September, 1850. This copy is duly certified according to the requirements of the act of 26th May, 1790. An objection to its reception as evidence has been founded upon a suggested partial alteration in the latter part of the surname of the alleged fugitive wherever it occurs in the document. The means of identification of this party in his Christian name, in the name of the alleged owner, in that of the place where the service was due, and in the description of his person set forth in the record render exact precision on the part of the surname of trivial importance. There is nothing suspicious in the appearance of the document, and according to the decision in 11 Wheaton, 408, there is no legal reason to presume that the alteration, if there was one, was made after the record was officially certified. The transcript, therefore, was received as evidence. In the record the conditions prescribed in the tenth section of the act of 1850 appear to have been fulfilled. It certifies the escape of the party, and that he owed service to the claimant, and contains a sufficient description of his person.

Under that section of the act the effect of the exhibition of the transcript of this record is to leave no question for my consideration except that of the identity of the alleged fugitive. On this point the claimant has examined witnesses, who, with

means of knowledge the most ample, testify positively to the identity of the person claimed. This is encountered by the contradictory evidence of one witness only, of no comparative weight.

The Supreme Court, in the case reported in 21 Howard, 506, 526, has expressed an opinion that "the act of 18th September, 1850, is in all of its provisions fully authorized by the Constitution of the United States." The latitudinarian tendency of the argument in this case might, therefore, perhaps, have been properly repressed by the Court. As this was not done, it ought to have been passed over without an expression of regret.

It is my duty to award a certificate to the claimant of his right to take the party according to the provisions of the acts of Congress.